NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
AMADU K.,                                    :
                                             :        Case No. 2:20-cv-3220 (BRM)
                Petitioner,                  :
                                             :
        v.                                   :        **OPINION**
                                             :
WILLIAM J. ANDERSON, et al.,                 :
                                             :
                Respondents.                 :
_____:

**MARTINOTTI, DISTRICT JUDGE**

        Before this Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by

Petitioner Amadu K. ("Petitioner") challenging his prolonged detention during removal

proceedings. (ECF No. 1, Petition ("Pet.").) At the time of filing, Petitioner was detained by the

Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at Essex

County Correctional Facility in Newark, New Jersey. For the reasons stated below, the Petition is

**GRANTED**.

**I. BACKGROUND**

        Petitioner is a 36-year-old native and citizen of Sierra Leone. (Answer, Ex. A, Notice to

Appear at 4 (ECF No. 7).) His status was adjusted to lawful permanent resident on December 20,

2011. (*Id.*) On or about August 1, 2014, Petitioner was convicted of Theft by Unlawful Taking in

New Jersey. (*Id.*) On or about July 29, 2017, Petitioner was convicted of Possession of Stolen

Property in New York. (*Id.*)

        On April 10, 2019, ICE took Petitioner into custody. (Pet. ¶ 33.) Petitioner was charged as

deportable from the United States under 8 U.S.C. § 1227(a)(2)(A)(ii) for conviction of two or more

crimes involving moral turpitude. (Pet. ¶ 34.) On April 30, 2019, Petitioner appeared at an initial Master Calendar Hearing and, through counsel, requested more time to investigate his avenues of relief. (Pet. ¶ 35.) At a second Master Calendar Hearing on June 18, 2019, Petitioner admitted the factual allegations contained in the Notice to Appear, but requested time to obtain a mental health evaluation, based on the symptoms of extreme post-traumatic stress disorder he was exhibiting. (Pet. ¶ 36.) At the next Master Calendar Hearing on July 16, 2019, Petitioner conceded his removability as charged and filed applications for cancellation of removal for certain permanent residents and for asylum, withholding of removal, and withholding and deferral of removal under CAT. (Pet. ¶ 37.) The immigration judge ("IJ") then scheduled an Individual Hearing for adjudication of Petitioner's applications for relief. (Pet. ¶ 38.) On August 28, 2019, after conducting his individual hearing, the IJ denied Petitioner's application and ordered him deported to Sierra Leone. (Pet. ¶ 39.)

Petitioner filed a timely appeal of the decision to the Board of Immigration Appeals, and on February 20, 2020, the Board of Immigration Appeals remanded his case back to the immigration court based on the errors and insufficient fact-finding of the IJ. (Pet. ¶ 40.) His case remains pending before the IJ.

On March 24, 2020, Petitioner filed the instant Petition, raising two grounds for relief: (1) his prolonged mandatory detention violates his due process rights; and (2) current restrictions at Essex County Correctional Facility violate his right to counsel. (Pet. ¶¶ 97-99.) Respondent filed an Answer, arguing Petitioner's detention does not violate due process, and he is not entitled to relief on his denial of counsel argument. (Answer 9-23.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-500 (1973); and (2) asserts his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

## III. DECISION

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

Here, both parties agree Petitioner is detained pursuant to § 1226(c) because his removal proceedings are ongoing, and he does not yet have a final order of removal. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court determined § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted in most cases detention under the statute lasted only a month and a half and even in cases where an appeal was taken to the Board of Immigration Appeals, detention pursuant to § 1226(c) lasted an average of four months, indicating detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected petitioner's challenge even though petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

In *Diop*, the Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c). 656 F.3d at 223–26. The Third Circuit held "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit therefore interpreted § 1226(c) to "contain[] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry," *id.* at 233—the statute "yields to the constitutional requirement that there

be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose," *Id.* at 235.

In *Chavez–Alvarez*, the Third Circuit again determined § 1226(c) should be read to contain an implicit reasonableness limitation, and detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third Circuit further held, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. As in *Diop*, the Third Circuit again emphasized the "use of a balancing framework [that] makes any determination on reasonableness highly fact-specific." *Id.* at 474.

In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the Supreme Court reversed the Ninth Circuit's holding that § 1226(c) did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to

'periodic bond hearings' under Sections 1225(b) and 1226(c).”). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F. Supp. 3d 496, 501 (D.N.J. 2018) (finding as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta “*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long.” *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)). Courts in this district have found “the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*.” *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) (“Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause.”) (internal citations and quotation marks omitted).

Although “aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute,” *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so

arbitrary the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal).

Here, Petitioner has been detained for just over 12 months and argues his continued detention under § 1226(c) without a bond hearing violates his due process rights. Respondents acknowledge Petitioner may still make an as-applied challenge to his prolonged detention, but argue Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as applied to him merely due to the length of his appeals process, particularly when there has been no indication that his detention has become inconsistent with the purpose of 8 U.S.C. § 1226(c)." (Answer 13-14.)

As a general matter, courts in this District have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See*, *e.g.*, *Dryden v. Green*, No. 18-2686, 2018 WL 3062909 (D.N.J. June 21, 2018) (finding just over a year was not sufficient to render the statute unconstitutional as applied in a case where the majority of the delay in the petitioner's removal proceedings was the fault of the petitioner); *but see Felix S. v. Decker*, No. 20-1414, 2020 WL 1527982 (D.N.J. Mar. 31, 2020) (granting petition for 13 month § 1226(c) detention); *Malcolm A. H. v. Green*, 403 F. Supp. 3d 398, 402 (D.N.J. 2019) (14 months). However, when recently reviewing a prolonged detention under § 1225(b), a statute which other courts have found arguably affords detainees less due process than § 1226(c), a court in this district held eleven months was sufficient to violate due process and warrant a bond hearing. *See Frank B. v. Green*, No. 19-346, 2020 WL 1673026, at *3–4 (D.N.J. Apr. 6, 2020). Specifically, the court stated:

This Court considers these lower court decisions and the factors set forth by the Third Circuit in *Chavez Alvarez* in determining whether Petitioner's detention has become unreasonably prolonged. Petitioner has been detained pursuant to § 1225(b) for over 11 months, since April 18, 2019, close to the one-year outer limit established in *Chavez Alvarez*. Moreover, there are no allegations that Petitioner is opposing his removal in bad faith or is trying to game the system, which are factors that would counsel against affording a bond hearing.

. . .

Having considered the length of Petitioner's detention and, specifically, his most recent eleven-month detention under § 1225(b), as well as the bona fides of his challenge to his removal and the absence of any bad faith, the Court finds that Petitioner's detention has become unreasonably prolonged and he is entitled to an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

*Frank B. v. Green*, No. 19-346, 2020 WL 1673026, at *3–4 (D.N.J. Apr. 6, 2020).

The Court finds the Court's analysis and conclusion in *Frank B.* to be persuasive. *See also Reid v. Decker*, No. 19-8393, 2020 WL 996604, at *9 (S.D.N.Y. Mar. 2, 2020) (collecting S.D.N.Y. cases granting relief under § 1226(c) for detentions between six months to a year). Accordingly, having undertaken the fact sensitive inquiry as delineated in *Diop/Chavez-Alvarez*, and having considered Petitioner's over one year detention in Essex County Correctional Facility, with no evidence or even allegation of Petitioner's bad faith in his underlying immigration proceedings, and where his underlying case has recently been remanded to the immigration court from the BIA, the Court finds Petitioner's detention has become unreasonably prolonged such that due process requires he be afforded an individualized bond hearing before an immigration judge. *See Leslie*, 678 F.3d at 271 ("To conclude that Leslie's voluntary pursuit of such challenges renders the corresponding increase in time of detention reasonable, would 'effectively punish Leslie for

pursuing applicable legal remedies'. . . ." (quoting *Oyedeji v. Ashcroft*, 332 F. Supp. 2d 747, 753 (M.D.Pa.2004))). The bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting *Diop* places the burden of proof on the government in § 1226(c) cases).

## III. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. An appropriate order follows.

Date: April 14, 2020

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**